UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:11-cr-00012-1 |
| ROBERT PORTER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10, Defendant Robert Porter seeks a reduced sentence under Amendment 782 to the Sentencing Guidelines. (See Doc. No. 2811). The Government has responded in opposition (Doc. No. 2838), and Porter has written *pro se* letters in support (Doc. Nos. 2821, 2837, 2840). Porter also filed a Request for Status Conference (Doc. No. 3113), which has been fully briefed (Doc. Nos. 3117, 3119). For the following reasons, Porter's request for a sentence reduction will be granted, and his request for a status conference will be denied.

**I.     BACKGROUND**

Porter was one of thirty-six individuals charged in a far-reaching Indictment[1] involving the distribution of cocaine and crack cocaine in and around the Summit Heights public housing development in Clarksville, Tennessee between 2009 and 2013. On April 15, 2013, Porter pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, including 500 grams or more of cocaine and 280 grams or more of crack cocaine, in violation of

---

[1] The original six-count Indictment against 28 Defendants was returned on January 12, 2011. (Doc. No. 202). A twenty-count Superseding Indictment adding four new Defendants was filed on April 17, 2013. (Doc. No. 1409). Finally, four more Defendants were added as a result of the Second Superseding Indictment returned on April 25, 2014. (Doc. No. 2081).

21 U.S.C. § 846 (Count 1), and possession with intent to distribute a quantity of cocaine and 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3). (Doc. No. 1398).

At Porter's sentencing on October 1, 2013, the Honorable Kevin T. Sharp determined that Porter's base offense level under the 2010 edition of the United States Sentencing Guidelines was 36 because he was "accountable for at least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalent." (Doc. No. 2016 at 3). Judge Sharp then applied a two-level enhancement for possessing a firearm during the conspiracy, a four-level enhancement for Porter's leadership role, and a three-level decrease for acceptance of responsibility, and concluded that Porter had a total Offense Level of 39 and a Criminal History Category II, which resulted in a sentence range of 292–365 months. (Id. at 42). After considering and applying the relevant 18 U.S.C. § 3553(a) factors, Judge Sharp determined that a "lower end" guideline sentence was appropriate and sentenced Porter to 300 months of imprisonment, followed by 10 years of supervised release. (Id. at 44–45; Doc. No. 1956). Porter did not appeal his conviction or sentence, although he did file a motion under 28 U.S.C. § 2255. (See Case No. 3:14-cv-02330, Doc. No. 1).

After Porter was sentenced, the United States Sentencing Commission issued Amendment 782 to the Sentencing Guidelines, which applied retroactively through Amendment 788 and reduced by two levels the base offense levels assigned for the possession of certain quantities of drugs in §2D1.1(c). See United States v. Taylor, 815 F.3d 248, 249 (6th Cir. 2016) (citing U.S.S.G., Supp. to App. C, amends. 782 & 788). If Amendment 782 were in effect at Porter's sentencing, his base offense level for a drug crime involving "[a]t least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalent" would have been 34 instead of 36. And applying the same adjustments that Judge Sharp did at sentencing, this would have resulted in Porter having a total Offense Level of 37 and a corresponding sentence range of 235–293 months of imprisonment.

2

In response to Amendment 782, the Offices of the United States Attorney, the Federal Public Defender, and United States Probation developed a process to evaluate and agree on reductions in qualifying cases. After Porter's case went through this process, the committee filed a proposed order recommending that Porter's previously imposed sentence of 300 months' imprisonment be reduced to 240 months. (Doc. No. 2789). Neither Porter's counsel nor the Government attorney assigned to this case were involved with that agreement.

Before accepting the agreement, however, Judge Sharp instructed the parties to file their respective sentencing positions. (Doc. Nos. 3113 at 2; 3117 at 1). Accordingly, Porter filed a "Sentencing Memorandum" on August 12, 2016, asking the Court to impose a reduced sentence of 240 months. (Doc. No. 2811). The Government then filed a response in opposition on February 13, 2017, in which it strayed away from the proposed agreement and argued that the Court should deny Porter's request for a sentence reduction. (Doc. No. 2838). Porter also moved to strike his § 2255 motion in favor of seeking a sentence reduction in this case. (Case No. 3:14-cv-02330, Doc. No. 41).

Judge Sharp then resigned from the federal bench and this case was transferred to the undersigned on June 22, 2017. But because Porter's "[c]ounsel failed to request that this matter be docketed," (Doc. No. 3113 at 3), his request for a sentence reduction slipped through the cracks on the Court's schedule for several years. Porter now asks the Court to resolve his pending request for a sentence reduction based on Amendment 782. (Doc. No. 3113).

## II.    PORTER'S REQUEST FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582 AND AMENDMENT 782

Porter argues that a reduced sentence from 300 months to 240 months would be sufficient, but not greater than necessary, to accomplish the goals of the sentencing laws because it would be consistent with the purposes of Amendment 782, would provide adequate general and specific

3

deterrence, and would not create unwarranted sentencing disparities among Porter's co-defendants. (Doc. No. 2811). In response, the Government disagrees and contends that Porter's 300-month sentence should remain in place because of, among other things, his leadership role and position in the supply chain, and because "he was willing to harm people, families, and communities for pure greed." (Doc. No. 2838).

As an initial matter, there is no question that Porter is eligible for a sentence reduction. "A defendant is eligible for a sentence reduction under § 3582(c)(2) where: (1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) such reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" Taylor, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)). In determining whether, and to what extent, a reduction in Porter's sentence is warranted under § 3582(c)(2) and the policy statement in U.S.S.G. §1B1.10, "the court shall determine the amended guideline range that would have been applicable to [Porter] if [Amendment 782] . . . had been in effect at the time [he] was sentenced." U.S.S.G. §1B1.10(b)(1). As discussed above, Amendment 782 lowered the relevant base offense level in §2D1.1 from 36 to 34, which would reduce Porter's total offense level from 39 to 37 and lower his guideline range from 292–365 months to 235–293 months. Because Porter was sentenced to a term of imprisonment based on a guidelines range that was subsequently lowered by the Sentencing Commission, he is clearly eligible for a sentence reduction under § 3582(c)(2).[2] See United States v. Watkins, 625 F.3d 277, 280–81 (6th Cir. 2010).

---

[2] Porter concedes "that he is not entitled to another hearing or resentencing to present mitigating factors." (Doc. No. 3119 at 1); see also United States v. Howard, 644 F.3d 455, 458–59 (6th Cir. 2011) (collecting cases and noting that § 3582(c) does not require a resentencing hearing).

4

If a defendant is eligible for a sentence reduction, then the Court must consider the factors set forth in § 3553(a) to the extent they are applicable and determine whether, in its discretion, the authorized reduction is warranted under the circumstances. Id. (citing Dillon v. United States, 560 U.S. 817, 827 (2010)); 18 U.S.C. § 3582(c)(2). Although Judge Sharp thoroughly considered these factors at Porter's sentencing, the undersigned has a duty to revisit these factors and impose a sentence that is sufficient but not greater than necessary to accomplish the purposes of the sentencing laws.

    1.    The nature and circumstances of the offense and the history and characteristics of the defendant

The Court starts with a broad, general recognition that Porter is now 42 years old. His parents divorced before he was born, and his maternal grandmother raised him in an environment free of abuse or neglect. (PSR ¶ 78).[3] He has two children, several siblings and half siblings, and a large support system based on letters his family and friends provided. (Id. ¶¶ 79–80). He has a diploma from Clarksville High School and an unremarkable employment record, although he has had some success as a rap musician. (Id. ¶¶ 88–92).

But the offenses for which Porter stands convicted in this case are serious. He was a leader of a criminal enterprise that conspired to distribute 500 grams or more of cocaine and 280 grams or more of crack cocaine into the Middle District of Tennessee, and his co-conspirator possessed a semiautomatic firearm during the conspiracy. (Id. ¶¶ 63, 65). Although there is no evidence that Porter used a gun or injured anyone, the combination of drugs and guns exhibits a reckless disregard for the law and the safety of the community. This factor weighs heavily in the Court's analysis.

---

[3] The U.S. Probation Office provided the Court with a copy of Porter's June 18, 2013 Presentence Investigation Report ("PSR").

## 2. The need for the sentence imposed

There is also a need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Porter's counts of conviction unquestionably call for a substantial custody sentence. But even if he received a sentence of 240 months, he would likely be released from jail sometime in his late forties or fifties, lowering his risk of recidivism.

As it pertains to the protection of society and the need to deter, the Court notes that Porter's criminal history is non-violent and is non-extensive when viewed in isolation or when compared to many of his co-defendants. Before serving his sentence in this case, Porter had never spent more than a couple days in custody. He received one criminal history point for attempting to sell cocaine when he was 26 and two additional points for committing the instant offenses while he was on probation for that state conviction. (PSR ¶¶ 72–73). If Porter had not committed the present offense while he was on probation, he would have been placed in Criminal History Category I. Instead, he was placed in Category II.

Last, the Court finds that the difference between 300 months and 240 months of imprisonment is due less weight with respect to Porter's potential for rehabilitation.

## 3. The kinds of sentences available and the guideline range

Having determined that Porter is eligible for a sentence reduction based on Amendment 782, the Court finds that the applicable guideline range is 235–293 months. If the Court granted Porter's request and resentenced him to 240 months, then he would still be receiving a sentence at the lower end of the range. But if the Court granted the Government's request to leave in place

6

Porter's current 300-month sentence, then the Court would effectively be varying upwards from the guidelines.

    4. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

This factor also weighs heavily in the Court's analysis, particularly because the Government argues that it would be disproportionate for Porter to receive a sentence of 240 months when many of his co-conspirators received longer sentences. (<u>See</u> Doc. No. 2838 at 1–2).

In its sentencing position, the Government argued that Porter's sentence should not be reduced because "three of Porter's co-defendants' life sentences were recently affirmed on appeal." (Doc. No. 2838). That may have been true in 2017, but none of those individuals are still serving life sentences now. For example, the Court granted Demetrius Duncan's motion for compassionate release and reduced his sentence from life imprisonment to time served. <u>United States v. Duncan</u>, 478 F. Supp. 3d 669 (M.D. Tenn. 2020). And both Alto Parnell and Chris Young prevailed on claims for ineffective assistance of counsel and received amended sentences of 188 months and 168 months, respectively. <u>See</u> <u>United States v. Parnell</u>, Case No. 3:11-cr-00012-22 (M.D. Tenn.), Doc. No. 3094 at 3; <u>United States v. Young</u>, Case No. 3:11-cr-00012-27 (M.D. Tenn.), Doc. No. 3103 at 2. Thus, even if Porter received a sentence at the bottom of his guideline range, he would still be serving *more* time than Duncan, Parnell, and Young.

Other than Porter, that leaves only seven defendants in this case who are serving sentences of 240 months or more: Derrick Campbell (240 months); Dominique Simons (262 months); Donald Ewing (262 months); Dontrell Pittman (262 months); James Farley (264 months); Michael Massey (292 months); and Xavier Parnell (300 months). But sentencing Porter at the lower end of his guideline range would not create an unwarranted sentence disparity among these seven defendants, all of whom were career offenders subjected to elevated guideline ranges (Simons,

Ewing, Pittman, Parnell), faced statutory penalty enhancements under 21 U.S.C.§ 851 (Pittman, Campbell), or were convicted of violent offenses (Farley).

### III. CONCLUSION

Having considered the applicable § 3553(a) factors as explained above, the Court finds that a low-end guideline sentence in this case is sufficient, but not greater than necessary, to accomplish the purposes of the sentencing laws. Accordingly, Porter's request for a sentence reduction based on Amendment 782 is **GRANTED**. Porter is hereby **SENTENCED** to **240 MONTHS** (240 months each on Counts 1 and 3, to be served concurrently) in the custody of the Attorney General, followed by a 10-year term of supervised release under the same conditions previously imposed (see Doc. No. 1956 at 3–4). Porter's request for a status conference (Doc. No. 3113) is **DENIED.**

An Amended Judgment will be filed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE